102 So. 680

## YOUNG v. KOONCE.

8 Div. 51.

Court of Appeals of Alabama.

June 25, 1935.

A. A. Williams and W. H. Mitchell, both of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

RICE, Judge.

"This is an action of deceit brought by appellee, H. F. Koonce, against appellant, P. A. Young, and grows out of the sale of real estate in the City of Florence, Alabama.

"On the 22d day of July 1927, appellant entered into a contract with appellee for the sale of the lands described in the complaint. Appellee claims that appellant represented to him that the entire municipal assessment against said property was the sum of $56.37, but that in fact the assessment against said property was a much greater sum; that appellant, Young, knew his representations were untrue, and were willfully made to induce appellee, Koonce, to act thereon and that he did act thereon to his damage.

"Appellant, Young, admits the sale and conveyance of the property, but denies that he made any misrepresentations or that he deceived or misled the plaintiff in any way.

"The case went to the jury on a plea of the general issue and the verdict was for the plaintiff."

All the above is taken verbatim from the brief filed here in behalf of appellant.

But a single question is presented for our consideration: Was it or not prejudicial error for the court to allow introduced in evidence a certified copy of "page one (1) of Assessment Book No. 5 of the City of Florence," purporting to show a municipal public improvement assessment in a sum larger than $56.37 against the property involved, over appellant's objection that "neither the book nor any book like it could show a valid improvement lien on that (the) lot or any other lot for an improvement assessment in favor of the City of Florence."

It seems to us that by virtue of Code 1923, § 2191, providing for the preparation of such an assessment book, and that the same shall be a "public record," and by virtue of the provisions of Code 1923, § 7719, appellant's objection was not well taken.

Whatever might be the merit in the considerations mentioned in the argument made here on behalf of appellant, it is clear to our minds that the contents of

said "Assessment Book" are at least prima facie evidence of the existence of the lien as indicated. Hence, same are admissible in evidence.

The judgment is affirmed.

Affirmed.